[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rigi Brothers, Inc., brings this action for damages against the defendants, Anthony Verderame, Terry Maxfield, doing business as Terry's Tree Service Company, R.A. Novia Associates, Inc., Alden R. Berman, Steinberg Associates, Paul C. Montano, Inc., Frank Verderame Construction, Inc. (Verderame), South Central Connecticut Regional Water Authority, Kerstin Rigi, Timothy McDonald, East Haven Elderly Site, Inc., Southern Connecticut Gas Company, R.J. Sanders, Inc., Anthony Melillo, doing business as Melillo and Sons (Melillo), and McClinch Equipment Corporation, to recover rental payments, which are allegedly due and owing pursuant to an agreement between the plaintiff and Melillo.[1]
The sole issue before this court is whether the plaintiff, a lessor of construction equipment, is entitled to file a mechanic's lien under General Statutes § 49-33,[2] as that statute existed in 1998, for past due rental payments on construction equipment used for site development work.
 FACTS
The facts are undisputed. On or about December 17, 1996, Verderame, a general contractor, entered into a contract with Melillo, a subcontractor, to perform site development work on a piece of property located in the town of East Haven (subject property). Melillo then entered into a contract with the plaintiff, a lessor of construction equipment, whereby the plaintiff agreed to provide Melillo with the CT Page 14239 necessary construction equipment needed for site development work and Melillo agreed to pay the plaintiff a monthly fee of $15,000. Between January 11, 1996, and March 1, 1998, Melillo utilized the equipment for site development work on the subject property, but failed to make rental payments to the plaintiff in the amount of $140,500.
On March 16, 1998, the plaintiff filed a mechanic's lien on the subject property to secure payment of the amount due. On March 11, 1999, the plaintiff filed a writ of summons and complaint seeking, inter alia, to foreclose on the mechanic's lien attached to the subject property. On July 31, 2000, the defendants filed a motion to dismiss the plaintiff's action on the ground that the court lacks jurisdiction because the plaintiff had no authority to file a mechanic's lien.[3] On September 12, 2000, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss. On September 17, 2001, the defendants filed a supplemental memorandum of law in support of their motion to dismiss.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000).
The defendants claim that at the time the plaintiff filed a mechanic's lien on the subject property there was no authority to place a lien for past due rental payments on rental equipment used for site development work. Specifically, the defendants argue that if the legislature intended rental equipment to be protected under the provisions of § 49-33, it would have done so when it drafted the statute.[4] Furthermore, the defendants argue that even though § 49-42 (c),[5] as amended by No. 00-36 of the 2000 Public Acts, includes rental equipment in its definition of "material," as that word is to be used in §§ 49-33
through 49-43, it does not affect the outcome of the present case because the amendment did not take effect until October 1, 2000, almost two years after the lien was placed on the subject property.
In response, the plaintiff argues that even though § 49-33 does not include reference to rental equipment, § 49-42 (c), a related mechanic's lien statute, does make such reference. The plaintiff argues that these statutes must be read together to create a consistent body of law. Furthermore, the plaintiff argues that § 49-42 (c), as amended, simply made explicit what was already implicit in the language of §49-33. CT Page 14240
"The objective of statutory construction is to give effect to the intended purpose of the legislature." (Internal quotation marks omitted.)Rose v. Freedom of Information Commission, 221 Conn. 217, 225,602 A.2d 1019 (1992). "As is true in every case involving the construction of a statute, our starting point must be the language employed by the legislature." (Internal quotation marks omitted.) Kingv. Board of Education, 203 Conn. 324, 332, 524 A.2d 1131 (1987). "In interpreting the language of a statute, we are guided by the premise that we must consider the statute as written and read it as a whole." Grotonv. Yankee Gas Services Co., 224 Conn. 675, 689, 620 A.2d 771 (1993). "Where the words of a statute fail to indicate clearly whether the provision applies in certain circumstances, it must be construed by this court, and such statutory interpretation is undertaken in light of the statute's purpose, its legislative history and the circumstances surrounding its enactment as well as its language." Board of Trustees v.Freedom of Information Commission, 181 Conn. 544, 550, 436 A.2d 266
(1980). "We seek the intent of the legislature not in what it meant to say, but in what it did say." (Internal quotation marks omitted.) Sanzonev. Board of Police Commissioners, 219 Conn. 179, 187, 592 A.2d 912
(1991).
"The guidelines for interpreting mechanic's lien legislation are well established. Although the mechanic's lien statute creates a statutory right in derogation of common law . . . its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials." (Citations omitted.) Nickel Mine Brook Associates v. Joseph F. Sakal,P.C., 217 Conn. 361, 364, 585 A.2d 1210 (1991). "Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction. " Id., 365.
Reading §§ 49-33 through 49-43 as a whole, this court concludes that at the time the plaintiff placed a mechanic's lien on the subject property there was no authority to lien for past due rental payments on rental equipment used for site development work. At the time the work was performed on the defendants' property, the mechanic's lien act made lienable "materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land. . . ." General Statutes (Rev. to 1994) § 49-33. Nowhere in § 49-33 does it make mention of, or reference to, rental equipment.
The mechanic's lien statute at issue does make mention of rental CT Page 14241 equipment in § 49-42 (c), but only in defining the word "material," as that word is used in §§ 49-41 through 49-43. The language of this section of the statute makes no mention of § 49-33. It is not until § 49-42 (c) is amended, almost two years after the plaintiff placed a lien on the subject property, that the language was changed to include rental equipment in the definition of the word "material" as that word is used in §§ 49-33 through 49-43.
Based on the foregoing, it is the opinion of this court that if the legislature intended rental equipment to be protected under the provisions of § 49-33, the legislature would have done so when it drafted the language of the act. See, e.g., General Statutes § 49-42
(c) (the word "material," as used in sections 49-41 to 49-43, inclusive, includes the rental of equipment). Furthermore, the specificity of the language of § 49-42 (c), as amended, when compared with its statutory predecessor — and when coupled with the act's legislative history, supports the court's conclusion that § 49-33, before any amendments to the act were made, did not encompass rental equipment. The purposeful addition of language to provide coverage for "construction equipment and machinery that is rented or leased," is a strong indication that such equipment was not previously lienable. SeeCamputaro v. Stuart Hardwood Corp., 180 Conn. 545, 554, 429 A.2d 796
(1980).
 CONCLUSION
Accordingly, the defendants' motion for summary judgment is granted. As a matter of law, at the time the plaintiff placed a mechanic's lien on the subject property pursuant to General Statutes § 49-33, the plaintiff did not have the authority to file a lien for past due rental payments on rental equipment used for site development work.
Booth, J.